**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETRONA ANDRES-GASPAR; et al., | No. 19-73214 |
| Petitioners, | Agency Nos. A209-276-994 |
| v. | A209-276-995 |
| | A209-276-996 |
| WILLIAM P. BARR, Attorney General, | |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
Seattle, Washington

Before: McKEOWN and BUMATAY, Circuit Judges, and MOSMAN,[***] District
Judge.

Petrona Andres-Gaspar, a native and citizen of Guatemala and lead

respondent, and her two minor children petition for review of the Board of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ")

denial of her application for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). *See* 8 U.S.C. §§ 1158(b)(1)(A),

1231(b)(3)(A); 8 C.F.R. §§ 1208.16(c), 1208.18(a).[1] The parties are familiar with

the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C.

§ 1252(a) and we deny the petition.

Where, as here, the BIA issues its own decision but relies in part on the IJ's

reasoning, we review the BIA's decision and the IJ's decision to the extent

adopted. *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citing

*Alaelua v. INS*, 45 F.3d 1379, 1382–83 (9th Cir. 1995)). We review the BIA's

legal conclusions *de novo* and factual findings for substantial evidence. *Bringas-*

*Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Denial of

asylum, withholding of removal, and CAT claims are reviewed for substantial

evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under

this standard, we uphold the agency's determination unless the record compels a

contrary conclusion. *Id.*

Even assuming her proposed social group were legally cognizable, Andres-

---

[1] Andres-Gaspar's asylum application extends to her children as derivative
beneficiaries. *See* 8 C.F.R. § 1208.3(a). Derivative relief for withholding of
removal and under CAT is unavailable. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1
(9th Cir. 2005).

Gaspar's asylum and withholding of removal claims fail for lack of the requisite nexus: substantial evidence supports the BIA and IJ's determination that Andres-Gaspar's former partner abused her to drive her out of his mother's house so he could move in with his new girlfriend, and not on account of a protected ground. The record does not compel the conclusion that Andres-Gaspar's membership in the proposed particular social group was a reason, central or otherwise, for the abuse. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017) (holding that withholding of removal requires the less demanding nexus standard of "a reason," rather than "one central reason"). We need not reach the other issues related to the asylum and withholding of removal claims.

Nor is CAT relief warranted. Even if, contrary to the government's assertion, Andres-Gaspar did not waive her CAT claim on appeal, substantial evidence supports the finding that, based on the entirety of the record, Andres-Gaspar failed to demonstrate that it was more likely than not that she would be tortured in Guatemala. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) ("To obtain relief under CAT, a petitioner must prove that it is more likely than not that he or she will be tortured in the country of removal.").

3

**PETITION DENIED**.